UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHERINE L. POWELL,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Social Security Commissioner,<br><br>    Defendant. | CIVIL ACTION NO. 3:22-cv-00683<br><br>(SAPORITO, M.J.) |

## MEMORANDUM

In this matter, the plaintiff, Katherine L. Powell, seeks judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits pursuant to 42 U.S.C. § 405(g). The matter has been referred to the undersigned United States magistrate judge on consent of the parties, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

### I. BACKGROUND

On May 21, 2020, Powell protectively filed a claim for disability insurance benefits, asserting a disability onset date of March 1, 2018. The claim was initially denied by state agency reviewers on September 10, 2020, and upon reconsideration on February 16, 2021. The plaintiff then

requested an administrative hearing.

A hearing was held on June 10, 2021, before an administrative law judge, Sharon Zanotto (the "ALJ"). In addition to the plaintiff herself, the ALJ received testimony from an impartial vocational expert, Andrew D. Caporale. The plaintiff was represented by counsel at the hearing.

On November 17, 2021, the ALJ denied Powell's application for benefits in a written decision. The ALJ followed the familiar five-step sequential evaluation process in determining that Powell was not disabled under the Social Security Act. *See generally Myers v. Berryhill*, 373 F. Supp. 3d 528, 534 (M.D. Pa. 2019) (describing the five-step sequential evaluation process). At step one, the ALJ found that Powell had not engaged in substantial gainful activity since March 1, 2018, the alleged onset date.

At step two, the ALJ found that Powell had the severe impairments of: status post bilateral total knee arthroplasties; degenerative disc disease with bilateral pars defects and a grade 2 spondylolisthesis at L5-S1; and obesity. The ALJ also considered whether Powell had any severe mental health impairments, but she found none. The ALJ noted that Powell had medically determinable mental impairments of

neurodevelopmental disorder and anxiety, but she found no medical evidence to suggest that these conditions have more than minimally affected the claimant's ability to perform work-related activities. The ALJ considered Powell's limitations in four broad functional areas as a result of these mental health conditions, finding no more than mild limitations in any of the four functional areas.[1] *See generally* 20 C.F.R. § 404.1520a(c) (explaining functional limitation rating process for mental impairments); 20 C.F.R. pt. 404, subpt. P, app.1, § 12.00(E) (explaining the four areas of mental functioning); *id.* § 12.00(F) (explaining process for using paragraph B criteria to evaluate mental impairments). Based on this and finding that the evidence did not otherwise indicate more than a minimal limitation in the plaintiff's ability to do basic work activities, the ALJ found that any mental health impairments were non-severe.

At step three, the ALJ found that Powell did not have an

---

[1] These four areas are: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. The ALJ found mild limitation sin Powell's ability to interact with others, her ability to concentrate, persist, or maintain pace, and her ability to adapt or manage herself, and no limitations in in her ability to understand, remember or apply information. (Tr. 20.)

impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Between steps three and four of the sequential-evaluation process, the ALJ assessed Powell's residual functional capacity ("RFC"). *See generally Myers*, 373 F. Supp. 3d at 534 n.4 (defining RFC). After evaluating the relevant evidence of record, the ALJ found that Powell had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b),[2] with the following limitations:

> [S]he can lift and carry ten pounds frequently and 20 pounds occasionally; she can stand occasionally; she can walk occasionally; she can sit frequently; she is precluded from crouching, kneeling, crawling, and climbing ladders, ropes, and scaffolds; and she can occasionally climb ramps and stairs.

(Tr. 21.)

In making these factual findings regarding Powell's RFC, the ALJ considered her symptoms and the extent to which they could reasonably be accepted as consistent with the objective medical evidence and other

---

[2] The Social Security regulations define "light work" as a job that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds." 20 C.F.R. § 404.1567(b).

evidence of record. *See generally* 20 C.F.R. § 404.1529; Soc. Sec. Ruling 16-3p, 2017 WL 5180304 (revised Oct. 25, 2017). The ALJ also considered and articulated how persuasive she found the medical opinions and prior administrative medical findings of record. *See generally* 20 C.F.R. § 404.1520c.

At step four, the ALJ concluded that Powell was capable of performing her past relevant work as a court clerk, as this work does not require the performance of work-related activities precluded by Powell's residual functional capacity. Based on this finding, the ALJ concluded that Powell was not disabled for Social Security purposes

The plaintiff sought further administrative review of her claim by the Appeals Council, but her request was denied on March 15, 2022, making the ALJ's November 2021 decision the final decision of the Commissioner subject to judicial review by this court.

The plaintiff timely filed her complaint in this court on May 10, 2022. The Commissioner has filed an answer to the complaint, together with a certified copy of the administrative record. Both parties have filed their briefs, and this matter is now ripe for decision.

## II. DISCUSSION

Under the Social Security Act, the question before this court is not whether the claimant is disabled, but whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See generally* 42 U.S.C. § 405(g) (sentence five); *Myers*, 373 F. Supp. 3d at 533 (describing standard of judicial review for social security disability insurance benefits administrative decisions).

Powell asserts on appeal that the ALJ's decision is not supported by substantial evidence because: (1) the ALJ failed to properly consider the plaintiff's mild mental limitations when evaluating her residual functional capacity; and (2) the ALJ failed to properly consider Powell's subjective allegations regarding her symptoms.

### A. Mild Mental Limitations

At step two, the ALJ found that, although Powell had medically determinable mental impairments of neurodevelopmental disorder and anxiety, she had no severe mental health impairments. In particular, the ALJ found no evidence that these conditions had more than minimally affected Powell's ability to perform work-related activities. The ALJ

considered Powell's limitations in four broad functional areas as a result of these alleged mental health conditions, finding no limitations in Powell's ability to concentrate, persist, or maintain pace, and no more than *mild* limitations in the other three functional areas. Having found that any medically determinable mental impairments caused no more than "mild" limitation in any of the functional areas, and because the evidence did not otherwise indicate that there was more than a minimal limitation in the claimant's ability to do basic work activities, the ALJ found these conditions to be non-severe. The plaintiff contends that the ALJ erred in failing to explicitly incorporate the plaintiff's mild mental limitations into his RFC determination.

In assessing a claimant's RFC, an ALJ "must consider limitations and restrictions imposed by all of an individual's impairments," even those found to be mild or non-severe at step two. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019). Indeed, the Third Circuit has held that such step two findings are "plainly relevant" to the ALJ's RFC determination because "they involve the claimant's actual impairments." *Id.* But the step two "findings need only be 'adequately conveyed' in the ALJ's statement of the limitation, not recited *verbatim*." *Id.* at 210

(emphasis added). Moreover, "the ALJ need only include in the RFC those limitations which he finds credible." *Garrett v. Comm'r of Soc. Sec.*, 274 Fed. App'x 159, 163 (3d Cir. 2008). In doing so, the ALJ may weigh the credibility of the evidence, so long as "he give[s] some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). Where an ALJ concludes that a particular limitation is "so minimal or negligible that . . . it would not limit her ability to perform" certain work tasks, the ALJ may exclude that limitation from the RFC without error. *Ramirez v. Barnhart*, 372 F.3d 546, 555 (3d Cir. 2004); *see also Holley v. Comm'r of Soc. Sec.*, 590 Fed. App'x 167, 169 (3d Cir. 2014) (holding that an ALJ's RFC finding need not include mental limitations when the ALJ had found that the plaintiff "had—at most—minor mental impairments"); *Lee v. Comm'r Soc. Sec.*, 248 Fed. App'x 458, 462 (3d Cir. 2007) ("There was no need to include a mental impairment in the hypothetical as the determination that her condition was not severe was supported by substantial evidence."). Here, the ALJ expressly found at step two that any medically determinable mental impairments cause no more than mild limitation in any of the functional areas *and* the evidence

did not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities.

Accordingly, we find the ALJ's omission of the plaintiff's mild mental limitations from her RFC determination is supported by substantial evidence and was reached based upon a correct application of the relevant law.

### B. Subjective Evidence of the Plaintiff's Symptoms

The plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ erred in his evaluation of Powell's symptoms, including statements or testimony by Powell herself. *See generally* 20 C.F.R. §§ 404.1502(i), 416.902(i). ("Symptoms means your own description of your physical or mental impairment.").

Standing alone, a claimant's allegation of pain or other symptoms is not enough to establish an impairment or disability. 20 C.F.R. § 404.1529(a); *Prokopick v. Comm'r of Soc. Sec.*, 272 Fed. App'x 196, 199 (3d Cir. 2008) ("Under the regulations, an ALJ may not base a finding of disability solely on a claimant's statements about disabling pain . . . ."). "An ALJ is permitted to reject a claimant's subjective testimony as long as he or she provides sufficient reasons for doing so." *Prokopick*, 272 Fed.

App'x at 199 (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 433 (3d Cir. 1999)).

When evaluating a claimant's subjective allegations of pain or other symptoms, an ALJ utilizes a two-step process. Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (revised Oct. 25, 2017). First, the ALJ must determine whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms alleged. *Id.* at *3; *see also* 20 C.F.R. § 404.1529(b). A claimant cannot be found to be "disabled based on alleged symptoms alone." Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *4.

Once the ALJ has found that a medically determinable impairment has been established, the ALJ must then evaluate the claimant's allegations about the intensity, persistence, or functionally limiting effects of his or her symptoms against the evidence of record. *Id.* This evaluation requires the ALJ to consider "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.*

Here, in evaluating the plaintiff's symptoms, the ALJ expressly considered and extensively discussed both the medical and non-medical evidence in the record. (Tr. 22–28.) This included the plaintiff's own subjective statements regarding the limiting effects of her symptoms, as well as subjective statements provided by her cousin, Jayne Gonsalves, in a third-party function report. (Tr. 22–43.)

Although Powell quibbles with the outcome of the ALJ's analysis of the evidence of record, it is clear that the ALJ properly evaluated the plaintiff's symptoms in accordance with the applicable regulations, and that the ALJ reasonably concluded that, notwithstanding the plaintiff's subjective complaints of pain and other symptoms, the evidence as a whole did not support physical or mental limitations in excess of those set forth in the ALJ's RFC determination. While this same evidence might have also reasonably supported the adoption of substantially greater limitations, it did not compel such a finding.

Accordingly, we find the ALJ's evaluation of the plaintiff's symptoms is supported by substantial evidence and was reached based upon a correct application of the relevant law.

## III. CONCLUSION

Based on the foregoing, we conclude that the Commissioner's finding that Powell was not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. Accordingly, the Commissioner's decision denying disability benefits is **AFFIRMED**.

An appropriate order follows.

Dated: September __18__, 2023

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge